UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| QUENTINE M. LOWE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 15-cv-1177 |
| GREG GOSSETT, *Warden*, | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner Quentine Lowe's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on May 7, 2015 (Doc. 1). The petition challenges the manner in which the Federal Bureau of Prisons (BOP) is administering Petitioner's sentence. Lowe is currently incarcerated at the Illinois River Correctional Center, where he is serving concurrent state and federal sentences.

On April 2, 2004, Petitioner pleaded guilty to possession of five grams or more of crack cocaine with intent to distribute, and was sentenced to 168 months of imprisonment and four years of supervised release. (Judgment, *United States v. Lowe*, No. 03-cr-10048 (C.D. Ill. 2004), Doc. 35 at 2, 3). He was released from the Bureau of Prisons on May 2, 2011.

This Court revoked Petitioner's supervised release on July 16, 2014, after he admitted to possessing cannabis with the intent to distribute it and illegally possessing a firearm. (03-cr-10048, Doc. 64 at 1). This Court sentenced him to twenty-four months of imprisonment, to run concurrently with any sentence

imposed in Peoria Circuit Court Case No. 13-CF-764. (*Id.* at 2). Two days later, and based on the same conduct that led to his revocation in the federal case, the state court sentenced Petitioner to a term of imprisonment of eight years in the Department of Corrections of Illinois, followed by two years of supervised release. (Doc. 1 at 12-13). That court, too, indicated that Petitioner's sentence was to run concurrently with the sentence imposed in Petitioner's federal criminal case.

In the pending Petition, Lowe challenges the way in which the Federal Bureau of Prisons is implementing his sentence. He was in pre-sentence custody beginning on August 14, 2013, when he was arrested for the conduct that led to the revocation of his supervised release and his state court sentence. He remained in pre-sentence custody until this Court sentenced him on July 16, 2014. (Doc. 1 at 6). He argues that the Bureau of Prisons has failed to apply credit for those 343 days of custody toward fulfilling his federal sentence, and suggests that this Court assured him that he would receive this credit. He did, however, receive credit for time served prior to his state court sentencing applied to his state court sentence (from August 14, 2013 through July 18, 2014). (*Id.* at 17).

Credit for prior custody due to federal offenders is governed by statute. *See* 18 U.S.C. 3585(b). Pursuant to § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." District court judges do not have the power to award pre-sentence credit, as the text of § 3585(b) makes it clear that "computation of the credit must occur after the defendant begins his sentence." *See United States v.*

2

*Wilson*, 503 U.S. 329, 333 (1992). Instead, responsibility for applying § 3585(b) is left to the Attorney General, through the BOP. *Id.* at 335. Federal prisoners wishing to challenge the calculation made by the BOP who have exhausted their administrative remedies may bring a petition pursuant to 28 U.S.C. § 2241, as Petitioner has done here. *See Grigsby v. Bledsoe*, 223 F. App'x 486, 487 (7th Cir. 2007).

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and finds it plainly lacks merit.

Petitioner attached documentation of his claim and past grievances with the BOP to his Petition. (*See* Doc. 1 at 10-22). Unfortunately, however, Petitioner has pleaded himself out of court, as the exhibits clearly show that he is not entitled to relief in this Court. Petitioner seeks credit for 343 days he spent in custody in the Peoria County jail from the time of his arrest on August 14, 2013 until his federal sentence on July 16, 2014. (Doc. 1 at 8). He admits, however, that he received credit for that time applied to his state sentence. (*Id.* at 17).

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines).

By its own terms, § 3585 suggests that Petitioner should not be entitled to the relief he seeks because it would amount to double-counting. *See* 18 U.S.C. § 3585(b). However, the Seventh Circuit has recognized a limited exception to the rule. *See Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993). In *Kayfez*, a Petitioner sought credit for presentence time served, and the BOP refused to credit it because that time had already been credited toward a longer concurrent state sentence. *Id.* at 1289. The Seventh Circuit, however, concluded that the Petitioner did not receive the full benefit of the time credit he earned. There, his state sentence was only 358 days longer than his federal sentence while he had earned a 416-day credit. *See id.* at 1290. Therefore, the Court held that the petitioner was entitled to a 58-day credit toward his federal sentence (the difference of 416 days at 358 days).

The rule from *Kayfez* does not apply in this case. Here, Petitioner is seeking a credit for 343 days, but the sentence given by the state court is four years longer than the sentence Petitioner received for violating conditions of his supervised release. Therefore Petitioner is not entitled to the relief that he seeks: the application of time credits to his federal sentence that he already received toward his state sentence.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. CASE TERMINATED.

Entered this 12th day of May, 2015.

                                                 s/Joe B. McDade
                                                 JOE BILLY McDADE
                                      United States Senior District Judge